Dear Mr. Bell:
On behalf of the Police Juries of Grant and LaSalle Parishes, you have requested the opinion of this office regarding the renewal of a LaSalle Parish property tax millage which generates funds dedicated to the collection and disposal of solid waste generated by the citizens of LaSalle Parish. According to your correspondence, the parishes of Grant and LaSalle have entered into an Intergovernmental Agreement whereby the Parishes jointly operate a landfill disposal site located in LaSalle Parish, which is utilized for the mutual benefit of the citizens of both parishes. It is our understanding that the Intergovernmental Agreement was entered into in February or March of 1990.
Your specific inquiry is whether LaSalle Parish has the authority to call for the renewal of their tax millage, in light of Act No. 781 of 1990, which enacted R.S. 33:8041, et seq, relative to the creation of the LaSalle-Grant Solid Waste Disposal District (the "District"). You have advised that some of the Police Jurors of both parishes are concerned that Act 781 requires that any new election proposing taxes for solid waste must be called by the District, as opposed to the individual parishes.
La. R.S. 33:4169.1 provides the governing authority of every parish with the power to regulate and engage in the collection and disposal of garbage and trash within its jurisdiction. La. R.S. 33:1324, et seq. provides that parishes may make agreements among themselves to engage in any undertaking or power which either of them is authorized by law to undertake. R.S. 33:1324 specifically provides that such agreements may include activities concerning "garbage and other refuse collection and disposal", and "The construction or acquisition or improvement, and operation, repair and maintenance of public projects or improvements, . . . including . . . garbage collections and disposal systems".
The Intergovernmental Agreement entered into by the Grant and LaSalle Parish Police Juries appears to comply with the provisions of R.S. 33:1324, et seq., although the copy you provided was not signed on behalf of LaSalle Parish. In accordance with R.S. 33:1325, we assume a copy was signed on behalf of LaSalle, or that the LaSalle Parish Police Jury accepted the agreement by the passage of an ordinance or resolution setting out the terms of the agreement. We also assume that the agreement, ordinance or resolution of each parish was published in the official journal of each parish in the same manner as are the other proceedings of the police jury.
Act 781 of 1990 did not become effective until September 7, 1990, approximately six months after the Intergovernmental Agreement became effective. According to Article 6 of the La. Civil Code, in the absence of contrary legislative expression, substantive laws apply prospectively only. The comments to C.C. Art 6 provide that even if a statute is procedural or interpretive, it cannot be applied retroactively if it violates obligations of contracts. [See comment (c) and the cases cited therein: Ardoin v. Hartford Acc. Indem. Co., 360 So.2d 1331
(La. 1978); Barron v. State Dept. of Public Safety, 397 So.2d 29
(La.App. 2d Cir. 1981, writ denied 401 So.2d 1188)]
The police juries were legally authorized to enter into the Intergovernmental Agreement. Act 781 of 1990 cannot be applied retroactively and the application of that Act cannot impair the previously existing contract rights of the police juries on behalf of the citizens they represent. It is our opinion that the Grant and LaSalle Parish Police Juries can continue to operate their Intergovernmental Agreement and exercise their authority regarding solid waste disposal independent of the authority granted to the District. It is our further opinion that Act 781 of 1990 does not prohibit LaSalle Parish from calling an election to renew its tax millage for solid waste.
This opinion should not be construed as an implication that the District was illegally created. Nothing contained herein is meant to imply that the District could not or should not convene, if necessary or proper for it to do so. Furthermore, we note that the District, as a political subdivision of the state, has the ability to enter into an intergovernmental agreement with both LaSalle and Grant Parishes, whereby the existing arrangements regarding solid waste disposal could be continued.
Trusting this adequately responds to your request, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav